IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| BOBBY BRAY, WILLIAM MCGHEE, DAVID PAYNE, and ALVIN REEDER,<br><br>　　Plaintiffs,<br><br>vs.<br><br>VENTURE EXPRESS, INC.<br><br>　　Defendant. | CIVIL ACTION FILE NO.:<br><br>3:15-cv-121-TCB<br>_____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

COME NOW Plaintiffs Bobby Bray, William McGhee, David Payne, and Alvin Reeder ("Plaintiffs") in their Complaint against Defendant Venture Express, Inc. (hereinafter "Venture Express" or "Defendant") and show the Court as follows:

**INTRODUCTION**

1.　　This is an action arising out of the Fair Labor Standards Act (the "Act" or "the FLSA"), 29 U.S.C. §§ 201-216. Plaintiffs are residents of the State of Georgia and State of Alabama and are all former employees of Venture Express, which was the FLSA employer of Plaintiffs for the relevant period of time.

1

2. Plaintiffs served in the capacity of both hourly workers and drivers while working at Venture Express' West Point, Georgia location, and were paid an hourly amount, varying among the Plaintiffs, of $13.00 to $16.25 per hour. Plaintiffs bring this action to recover from Defendant unpaid regular time compensation, unpaid overtime compensation, liquidated damages, attorneys' fees and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b), as described below.

3. Between the commencement of Plaintiffs' employment through the termination of their employment, Plaintiffs worked between 40 to 80 hours per week most weeks. Some hourly employees and/or drivers, when working in "the yard" during the summer months, became ill and/or weak from exhaustion or dehydration due to working long periods without any breaks or lunchtime. Nevertheless, Venture Express had a known and stated (by Defendant) policy of not paying time and one-half for hours worked over 40 hours weekly. Consequently, Plaintiffs were never paid time and one-half wages for any hours worked over 40 hours weekly as required by the Fair Labor Standards Act.

## THE PARTIES AND JURISDICTION AND VENUE

4.      At all times relevant hereto, Defendant Venture Express was and is a Tennessee corporation doing business in this judicial district with an office located at 2545 Upper Big Springs Road, Lagrange, Georgia 30241. At all times relevant to this Complaint, Venture Express also had an office at 1700 South Progress Parkway, West Point, Georgia 31833. However, Venture Express was not licensed to do business in Georgia and was not registered with the Georgia Secretary of State. Defendant is subject to actions of this kind and nature and may be served by Rule 4 of the Federal Rules of Civil Procedure through its registered agent for service.

5.      Defendant's business activities involve those to which the Fair Labor Standards Act applies, and Defendant is an employer under the FLSA, 29 U.S.C. 203.

6.      Plaintiff Bray is a Georgia resident who worked for Defendant Venture Express from approximately October 2011 through September 2012. Plaintiff Bray served as a local driver hauling seats from Johnson Controls to the Kia plant, all within Georgia. Plaintiff Bray occasionally served as a yard worker at

Defendant's West Point, Georgia location to fill in for other employees in emergency situations.

7. Plaintiff McGhee is a Georgia resident who worked for Defendant Venture Express from approximately September 2009 through September 2012. Plaintiff McGhee served as a local driver hauling doors from Johnson Controls to the Kia plant, all within Georgia. Plaintiff McGhee briefly worked as a yard worker Defendant's West Point, Georgia location while waiting for production to begin at the Kia plant.

8. Plaintiff Payne is an Alabama resident who worked for Defendant Venture Express from approximately May 2010 through August 2011. Plaintiff Payne served as a local driver hauling seats from Johnson Controls to the Kia plant, all within Georgia.

9. Plaintiff Reeder is an Alabama resident who worked for Defendant Venture Express from approximately February 2012 through September 2012. From approximately February 2012 through June 2012, Plaintiff Reeder served as a yard worker at Defendant's West Point, Georgia location, where he would travel between that facility and the express lot one mile away hauling trailers between the two locations, all while staying within Georgia. From approximately June 2012

through September 2012, Plaintiff Reeder served as a local driver hauling seats from Johnson Controls to the Kia plant, all within Georgia.

10. This Court has original jurisdiction upon the Plaintiffs' claims, based upon the Plaintiffs' FLSA allegations, and pursuant to 28 U.S.C. §1331 and §1337.

11. Venue is proper in this Court under 28 U.S.C. §§1391(b) and (c).

## FACTUAL ALLEGATIONS

12. Venture Express contracted with Johnson Controls to, among other things, deliver items (predominantly newly manufactured doors and seats) from the Johnson Controls plant in West Point, Georgia to intrastate locations in Georgia less than eight (8) miles away.

13. As part of its invoicing of Johnson Controls, Venture Express invoiced Johnson Controls for time and one-half overtime costs of its employees but did not pay time and one-half overtime to its employees. After Venture Express lost the contract with Johnson Controls and terminated the Plaintiffs' employment in September 2012, Ryder, the new transport company that contracted with Johnson Controls (and replaced Venture Express), re-hired at least Plaintiffs Bray and McGhee. Ryder has since been paying at least Plaintiffs Bray and McGhee time and one-half overtime for hours worked over 40 hours for performing

essentially the same job duties and working the same hours previously worked for Venture Express.

14. In addition to their driving routes for Venture Express, Plaintiffs' duties included performing either manual tasks in "the yard" or administrative office tasks at Venture Express's West Point location. This work was not subject to any exemption to the FLSA and as such, time and one-half overtime should have been paid for all hours worked over 40 hours in a given work week.

15. Some of Plaintiffs' duties, when not performing the above-referenced manual labor or administrative tasks, involved transporting doors and seats that had been manufactured at the Johnson Controls plant to intrastate locations in Georgia less than eight (8) miles away. Because these Plaintiffs always only made intrastate deliveries, they could not be reasonably expected to make interstate run for Defendant. The goods transported by Plaintiffs, mostly manufactured doors and seats, were new commodities, ones that had been materially changed in character, utility, and value while at the Johnson Control plant. Similarly, the doors and seats shipped to nearby intrastate locations were combined with other products to become new commodities, ones that had been materially changed in character, utility, and value. As such, these shipments could not constitute a practical

continuity of movement between the intrastate segment and the overall interstate segment.

16. Defendant never paid time and one-half overtime to the hourly, nonexempt Plaintiffs, despite the fact that they regularly worked more than 40 hours per week.

17. Additionally, in some instances Plaintiffs were not paid full credit for hours worked and/or required to work uncompensated "off the clock" time.

18. Relatedly, for many hourly yard and/or driver employees, the actual number of hours reported to Venture Express's payroll company was falsely reported as less than the number of hours worked by those employees. As such, Defendant breached its contractual obligation to Plaintiffs to pay them their hourly rate for every hour worked.

19. Venture Express's violations were willful and knowing. Venture Express indicated that it "refused" to pay time and one-half overtime for hours worked over 40 hours weekly. Venture Express and its manager(s) would yell at employees and threaten to retaliate against employees who asked to be paid correct overtime amounts and/or who inquired as to how their checks were calculated. Whenever hourly employees would inquire about the differences in hours reported,

the hourly employees were yelled at and not allowed to see or keep proof of their hours worked from the time clock.  Further, Venture Express would not accurately record hours worked in a single work week, and would commonly "roll over" hours worked in a single work week and treat them as work for the following work week.  As such, Venture Express failed to comply with the payroll record-keeping requirements of the FLSA, specifically 29 U.S.C. § 211(c).

20. Upon information and belief, Defendant has in some cases, retaliated against individuals who opposed these unlawful wage and hour practices.

## COUNT I – FLSA VIOLATIONS

21. Plaintiffs re-allege paragraphs one through 20 and herein incorporate them by reference to this count.

22. Defendant's policies, as stated above, have caused Plaintiffs to be deprived of wages due to them.

23. Defendant's policies as stated above, constitute a violation of the FLSA, 29 U.S.C. 206, requiring a minimum wage to be paid for all hours worked, and the regulations promulgated thereunder by the Department of Labor, 29 C.F.R. 785.

24. Under 29 U.S.C. 216(b), Defendant is liable to Plaintiffs in the amount of their unpaid regular and overtime wages, an additional amount as liquidated damages, and their reasonable attorneys' fees and costs of this action.

## COUNT II – BREACH OF CONTRACT

25. Plaintiffs re-allege paragraphs one through 24 and herein incorporate them by reference to this count.

26. Defendant contracted with Plaintiffs to pay them their individual hourly rates for every hour worked. Some Plaintiffs performed work that was unpaid by Defendant.

27. Defendant's policies, as stated above, have caused Plaintiffs to be deprived of wages due to them.

28. Under state law, Defendant has breached its contractual obligations to Plaintiffs in the amount of their unpaid wages, has acted in bad faith, has been stubbornly litigious, and has caused Plaintiffs unnecessary trouble and expense. Therefore, Plaintiffs are entitled to recover reasonable attorneys' fees and expenses of litigation from the Defendant pursuant to O.C.G.A. §13-6-11.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray this Court grant the following relief:

a. A trial by jury pursuant to Fed. R. Civ. P. 38(b);

b. An award of past due wages for all Plaintiffs for the period February 6, 2010 – February 6, 2013 (three years preceding the filing of the Complaint in Civil Action No. 1:13-cv-00020), together with interest thereon;

c. That the Court award Plaintiffs liquidated damages, together with interest thereon, for the violations of state law alleged herein;

d. That this Court issue a permanent injunction against Defendant, prohibiting Defendant from further acting in violation of the FLSA;

e. That this Court award Plaintiffs their reasonable attorneys' fees and expenses of litigation;

f. That Plaintiffs be awarded prejudgment interest, their costs and disbursements herein;

g.  That Plaintiffs be awarded appropriate damages and attorneys' fees and expenses of litigation for the violations of state law alleged herein; and

h.  Any and other such further relief this Honorable Court or the Finder of Fact deems equitable and just.

Respectfully submitted this 30th day of July, 2015.

>By: /s/ Douglas R. Kertscher
>Douglas R. Kertscher
>Georgia Bar No. 416265
>Jennifer L. Calvert
>Georgia Bar. No. 587191
>**HILL, KERTSCHER & WHARTON, LLP**
>3350 Riverwood Parkway, Suite 800
>Atlanta, GA 30339
>Tel: (770) 953-0995
>Fax: (770) 953-1358
>Email: drk@hkw-law.com
>          jc@hkw-law.com